IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANNY RAY JONES, SR.,            )
                                 )
              Petitioner,        )
                                 )        1:16CV1158
       v.                        )        1:14CR294-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Respondent.        )


## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. § 2255. (Doc. 160.) The Government has filed a response, (Doc. 172), and Petitioner filed a reply, (Doc. 178). The issues are ripe for ruling. For the reasons that follow, this court dismisses petitioner's motion.

## I.   BACKGROUND

Petitioner was charged in a multicount Indictment alleging a violation of 21 U.S.C. § 846 (Count One) and multiple violations of 21 U.S.C. §§ 841(a)(1) and 860 (Counts Eighteen, Twenty, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-Two, and Thirty-Three). (Indictment (Doc. 13).) 21 U.S.C. § 860 makes it a crime to violate 21 U.S.C.

§ 841(a)(1) within 1,000 feet of a protected area, in this case a playground. (See id.) The Indictment also included forfeiture allegations. (Id.)

Petitioner entered a plea of guilty to Count One, Object One, and Count Twenty on June 4, 2015, pursuant to a written plea agreement. (Plea Agreement (Doc. 107).) On September 15, 2015, Petitioner was sentenced to 168 months of imprisonment on Count One, Object One, and a concurrent 168-month sentence on Count Twenty. (Judgment (Doc. 143); Minute Entry 09/15/2015.) Petitioner did not appeal the sentence. On September 19, 2016, Petitioner filed this motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Motion to Vacate, Set Aside or Correct Sentence ("Pet'r's Mot.") (Doc. 160).) On October 17, 2016, Petitioner amended his original petition. (Motion to Amend Motion to Vacate, Set Aside or Correct Sentence ("Pet'r's Am. Mot.") (Doc. 164).)

In both the original motion and the amended motion, Petitioner alleges ineffective assistance of counsel in a variety of ways all in relation to sentencing issues. Petitioner's amended motion generally restates those same issues and adds additional arguments as to those issues.

As a preliminary matter, this court notes Petitioner has
not complied with Rule 2 of the Rules Governing Section 2255
Proceedings, which requires that a motion filed pursuant to that
section "be signed under penalty of perjury by the movant or a
person authorized to sign it for the movant." Rule 2(b)(5),
Rules Governing Section 2255 Proceedings. Although it may be
arguable that a district court should allow a Petitioner to
supplement the record by submitting the petition under oath or
by attaching an affidavit rather than deny the petition, see
Kafo v. United States, 467 F.3d 1063, 1068-71 (7th Cir. 2006),
this court has concerns about Petitioner's failure to comply
with Rule 2. As will be explained hereafter, some of the
positions asserted by Petitioner now are contrary to his prior
representations to the court. This court will nevertheless
proceed to address the issues on the merits.

## II.  **ANALYSIS**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255
must show that "the sentence was imposed in violation of the
Constitution or the laws of the United States, or that the court
was without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

To demonstrate ineffective assistance of counsel, as alleged here, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688–89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing

Strickland, 466 U.S. at 694). To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc).

Petitioner contends counsel was ineffective for failing to object to certain facts in the Presentence Report. Those facts are described as follows: (1) Petitioner contends the total quantity of drugs was less than that described in Paragraph 41 of the Presentence Report; (2) Petitioner contends he never conducted a drug sale within 1,000 feet of a protected area; (3) Defendant contends he did not maintain a premises for manufacturing or distributing a controlled substance; (4) Petitioner contends he did not involve an individual less than 18 years of age; (5) Petitioner contends he was not a manager or supervisor; and (6) Petitioner contends counsel did not prepare

him for sentencing appropriately. (Pet'r's Mot. (Doc. 160) at
4-5.) In his amended motion, (Pet'r's Am. Mot. (Doc. 164)),
Petitioner restates these objections but then adds two new
arguments. Those two arguments are that counsel "was advised by
counsel . . . [that] he would receive no more than seven years
in prison," (id. at 7), that Petitioner "was entitled to full
discovery," and that counsel advised "that discovery was not
necessary," (Id.)

Petitioner does not challenge his guilty plea nor does
Petitioner allege there were any irregularities in his Rule 11
hearing. This court has separately reviewed the Rule 11
transcript, (Transcript of Change of Plea ("Change of Plea Tr.")
(Doc. 169)), and concludes that the guilty plea was knowing and
voluntary, and that the hearing complied with Fed. R. Crim. P.
11.

> [C]ourts must be able to rely on the defendant's
> statements made under oath during a properly conducted
> Rule 11 plea colloquy. . . . Thus, in the absence of
> extraordinary circumstances, . . . a district court
> should, without holding an evidentiary hearing,
> dismiss any § 2255 motion that necessarily relies on
> allegations that contradict the [defendant's] sworn
> statements.

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

With respect to the guilty plea and the factual basis
Petitioner knowingly and willfully entered at the Rule 11

hearing, "[a] movant's 'declarations in open court carry a strong presumption of verity,' and a prisoner found guilty based on a guilty plea is 'bound by the representations he makes under oath during a plea colloquy' unless he provides 'clear and convincing evidence to the contrary." Colley v. United States, Nos. 1:15-cr-203 (LMB); 1:16-cv-1297 (LMB), 2017 WL 1362031, at *4 (E.D. Va. Mar. 24, 2017) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977) and Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992)).

### A. Petitioner's allegations as to counsel's advice regarding the length of sentence, the absence of discovery, and counsel's failure to object to the fact that distribution occurred within 1,000 feet of a playground

These issues are frivolous and quickly resolved by reference to the Rule 11 hearing. Petitioner presents no evidence, much less clear and convincing evidence, that his statements under oath should not be binding.

The Rule 11 hearing establishes that any claims of Petitioner as to counsel's advice that he would receive no more than seven years in prison and his claim that he was not provided discovery should be dismissed without an evidentiary hearing. During the course of the Rule 11 hearing, this court asked:

> THE COURT: And have you fully discussed the charges
> contained in the indictment and the case in general
> with your attorney?
>
> DEFENDANT JONES, SR: Yes, sir.
>
> . . . .
>
> THE COURT: And have you and your attorney discussed
> any possible defenses you might have to the charges?
>
> DEFENDANT JONES, SR: We've discussed everything, sir.

(Change of Plea Tr. (Doc. 169) at 7-8.) Petitioner's statements given under oath are directly contrary to his claim now that Petitioner did not receive discovery or that he was advised that discovery was not necessary.[1]

Furthermore, this court inquired as to Petitioner's understanding of counsel's advice and any sentence he might receive:

> THE COURT: Now, your attorney may have discussed the
> guidelines with you, and he may have given you some
> estimate of what he thinks your sentencing guideline
> range might be or what he thinks your sentence might
> be. However, no one knows what that sentencing
> guideline range or sentence will be until after the
> guideline range has been calculated by the Probation
> Office in the presentence report, and I have had the
> opportunity to consider that calculation as well as
> any objections you or the United States might have.
>
> As a result, do each of you understand that your
> guideline range and your sentence may be different

---

[1] Petitioner also makes no reference to any prejudice he suffered even if discovery was not provided.

from any estimate your attorney may have provided to
you? Mr. Jones, Sr.?

DEFENDANT JONES, SR:  Yes, sir.

. . . .

THE COURT:  And do each of you understand that this
Court can use a guideline range or impose a sentence
that is more severe than any estimated to you by your
attorney? Mr. Jones, Sr.?

DEFENDANT JONES, SR:  Yes, sir.

(Id. at 21-22.)

Petitioner's responses, given under oath at the Rule 11

hearing, are completely contrary to any suggestion that he had

some understanding from his attorney that his sentence would be

seven years, even if his attorney did in fact provide him with

that estimate. Petitioner clearly understood during the Rule 11

hearing that his sentence would be determined by this court in

the future, and no one knew what that sentence would be.

A significant part of the Rule 11 hearing is an explanation

by the court to a defendant of the elements of the offense to

which he is pleading guilty, insuring a defendant's clear

understanding of those elements. See Fed. R. Crim. P.

11(b)(1)(G) (requiring the court to "determine that the

defendant understands . . . the nature of the charge to which

the defendant is pleading" before accepting a plea of guilty).

In this case, Petitioner pled guilty to a violation of 21 U.S.C. § 846 (Count One) and a violation of 21 U.S.C. §§ 841(a)(1) and 860 (Count Twenty). The plea colloquy as to the elements of the offense, Petitioner's understanding of those elements, and his admission of those elements is as follows:

> THE COURT: All right. Mr. Jones, Sr., turning first to your case, you are entering a plea of guilty to Count One and Count Twenty. Count One charges a violation of Title 21, United States Code, Section 846. The elements of that offense, that is, the facts the United States would be required to prove beyond a reasonable doubt at any trial, include all of the following:
>
> One, that there was an agreement between two or more persons to undertake conduct that would constitute the offense charged in the indictment, that is, to knowingly or intentionally manufacture, distribute, or dispense a mixture and substance containing a detectable amount of cocaine hydrochloride.
>
> And, two, that you knew of the conspiracy.
>
> And, three, that you knowingly and voluntarily became a member of that conspiracy.
>
> Do you understand the elements of the offense charged in Count One Object One?
>
> DEFENDANT JONES, SR: Yes, sir, Your Honor.
>
> THE COURT: And with respect to Count Twenty, Count Twenty charges a violation of Title 21, United States Code, Section 860. The elements of that United States, that is, the facts the United States would be required to prove beyond a reasonable doubt at trial, include all of the following:

That is, that you were in violation of Title 21, United States Code, Section 841(a)(1) in that you distributed a quantity of marijuana, a controlled substance as described in the indictment, and a quantity of cocaine base, a controlled substance as described in the indictment.

And, two, at the time of that distribution, you knew that the substances distributed were controlled substances.

And, three, at the time of that distribution, you were within 1,000 feet of a playground or housing facility owned by a public housing authority.

Do you understand the elements of the offense charged in Count Twenty?

DEFENDANT JONES, SR:  Yes, sir, Your Honor.

THE COURT:  And do you further understand that by pleading guilty to these two offenses, you are admitting to the elements of these two offenses as those facts — do you need to ask Mr. Aus a question?

DEFENDANT JONES, SR:  Yes, sir, Your Honor.

THE COURT:  All right.

(Discussion between defendant and Mr. Aus.)

MR. AUS:  Your Honor, he was answering the affirmative of your question.

THE COURT:  All right. Do you further understand that by pleading guilty to these two offenses, you are admitting to the elements of the offenses as those facts are described in the indictment?

DEFENDANT JONES, SR:  Yes, sir.

THE COURT:  Do you understand that?

DEFENDANT JONES, SR:  (Nodding.)

THE COURT:  All right. Do you have any questions
before I call upon you to enter your plea in this
case?

DEFENDANT JONES, SR:  No, sir, Your Honor.

THE COURT:  All right. Then in Case No. 1:14CR294-1,
United States versus Danny Ray Jones, Sr., how do you
plead to the offense charged in Count One, Object One?
Guilty or not guilty?

DEFENDANT JONES, SR:  Guilty, Your Honor.

THE COURT:  And how do you plead to the offense
charged in Count Twenty? Guilty or not guilty?

DEFENDANT JONES, SR:  Guilty, Your Honor.

(Id. at 25-28).

Petitioner's responses at his Rule 11 hearing, given under

oath, establish that he understood the elements of Count Twenty,

that one of those elements included the fact that his

distribution of a controlled substance occurred within 1,000

feet of a playground or housing facility, and that he was

pleading guilty because he was in fact guilty. These statements

all establish that counsel was not ineffective for failing to

challenge that fact at sentencing. Petitioner offers no

explanation as to why his admissions should be disregarded. "[A]

district court should, without holding an evidentiary hearing,

dismiss any § 2255 motion that necessarily relies on allegations

that contradict the [defendant's] sworn statements." Lemaster,

- 12 -

403 F.3d at 221–22. This court finds Petitioner's claim that he never distributed a controlled substance within 1,000 feet of a protected area wholly without merit. That claim will therefore be dismissed.

**B.  Counsel's alleged failure to object to drug quantity and managerial role**

Petitioner alleges that counsel failed to object to an inaccurate drug quantity and failed to object to the leadership role adjustment. (Pet'r's Mot. (Doc. 160) at 4–5.) As an initial matter, these allegations are simply false, as counsel did object to these calculations as contained in the Presentence Report. (Petitioner's Response to Presentence Investigation Report ("Pet'r's Resp. to PSR") (Doc. 131) at 1-4.)

Petitioner argues that "the drug quantity was wrong in ¶ 41." (Pet'r's Mot. (Doc. 160) at 4.) In his amended motion, Petitioner states that

> Petitioner numerously pointed out to counsel that the drug quantity identified in the PSR in ¶ 40 that Petitioner distributed a marijuana equivalence of 1,123.88 grams within 1,000 feet of a school or playground, while ¶ 41 states 1,123.88 kilograms of marijuana instead. Petitioner numerously sought counsel to correct the discrepancy because the amount listed in paragraph 41 was inaccurate and effectively violated Petitioner's substantial rights.

(Pet'r's Am. Mot. (Doc. 164) at 4.)[2]

As the Government argues, this is clearly a typographical error which this court should have caught, but which does not in any way affect the case, the sentencing proceedings, or the result. In the Presentence Report, ¶ 40 describes a calculation for Count Twenty based upon a marijuana equivalency of 1,123.88 grams, resulting in a Base Offense Level 30. (See Presentence Investigation Report ("PSR") (Doc. 133) ¶ 40.) That is clearly a typographical error, however, for the following reasons: (1) 1,123.88 grams would not produce a Base Offense Level of 30, and the calculation of a base level 30 is correct for 1,123.88 kilograms, (see U.S.S.G. § 2D1.1 (2014)); (2) the next paragraph in the Presentence Report contains the corrected amount, 1,123.88 kilograms and the corresponding Base Offense Level 30, (see PSR (Doc. 133) ¶ 41); and (3) the Presentence Report provides the relevant drug quantity in bold print in the offense conduct section as 1,123.88 kilograms of marijuana, (see id. ¶ 35). A typographical error in this case does not provide a

---

[2]As described above, Petitioner's claim that he did not distribute controlled substances within 1,000 feet of a protected area is false and will not be further addressed in this opinion.

basis upon which to find Petitioner's counsel rendered ineffective assistance of counsel.

Nevertheless, even assuming there was some ambiguity in the drug quantities, that matter was resolved at sentencing. During the initial phase of the sentencing, counsel for Defendant advised of his objections to the Presentence Report — the weight of the drugs attributable to Petitioner and the managerial role. "When objecting to drug quantities as set forth in the Presentence Report, the defendant has an affirmative duty to show that the information contained in the report is inaccurate or unreliable." United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). A discussion took place at sentencing as to which drug quantities Petitioner was challenging and upon what basis Petitioner challenged those quantities. (Sentencing Transcript ("Sentencing Tr.") (Doc. 170) at 5-8.) During that exchange, Petitioner admitted to four kilograms of cocaine and did not deny selling marijuana in the transactions captured on tape, which resulted in a Base Offense Level 30. Counsel then conceded that a Base Offense Level 30 applied. Following that discussion, the following exchange took place:

> THE COURT:  Mr. Jones, Sr., let me ask you. You've heard the discussion. You and your attorney objected to a drug quantity that put your base offense guideline at a Level 30 contending that some of the

witnesses were not credible. However, after some
discussion, it appears that Mr. Aus, in light of the
evidence in the case, is not going to object further;
as a matter of fact, would be deemed to withdraw the
objection to drug quantity. Do you understand all
that?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you wish — do you need to talk to
Mr. Aus further before I overrule the objection based
on the information provided here today?

THE DEFENDANT:  (Nodding.)

THE COURT:  Are you going to need to talk to Mr. Aus
further?

THE DEFENDANT: No, I'm good.

THE COURT: All right. You may have a seat. Then I will
overrule the objection based on the concession of the
defendant with respect to the Level 30 base offense
level related to quantities, understanding that a
Level 30 encompasses -- let's see, what does it say in
terms of marijuana -- a 1,000 kilograms but less than
3,000 kilograms of marijuana. That's a broad range,
and, to some degree, based on estimates provided, I
think there's an argument that the estimates
understate, but I also understand the argument that
the estimates overstate to some degree the quantity,
but that a Level 30 is a reasonable calculation.

(Id. at 11-12.)

Petitioner's contention that counsel failed to object to

drug quantities is factually incorrect; Petitioner's suggestion

that the correct quantity was 1,123.88 grams of marijuana is not

only without foundation but also contrary to Petitioner's

admission during the sentencing hearing. "Where the files and

- 16 -

records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate." <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

As noted above, Petitioner also claims counsel was ineffective for failing to object to an aggravating role adjustment. Petitioner received a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) because he was a manager or supervisor in criminal activity that involved five or more participants. Petitioner's counsel did object to the managerial role adjustment. (Pet'r's Resp. to PSR (Doc. 131) at 3–4.) Petitioner now contends that counsel failed to object and that "[t]he Government offers no evidence to support this claim." (Pet'r's Mot. (Doc. 160) at 5.)

To the contrary, upon the objection filed by counsel, the Government did present evidence at the sentencing hearing as to Petitioner's role in the offense. The United States called David Walker ("Walker") to testify in response to Petitioner's objection. (Sentencing Tr. (Doc. 170) at 19). Walker was an Orange County Sheriff's investigator who participated in the investigation of Petitioner. (<u>Id.</u>) Walker identified audio and video of various transactions involving Petitioner and Mark McAdoo; those recordings included Petitioner's statements

reflecting Petitioner's knowledge of the conspiracy. (Id. at 21–
27.) At the conclusion of the evidence, and based on facts in
the Presentence Report with which Petitioner agreed, (see id. at
4), this court found there was no dispute the drug activity
"involved five or more participants . . . [including Petitioner,
his son,] Ethan Gray Peace, Troy Lee Pore, Jamaal Scarborough,
and Mark McAdoo, at a minimum." (Id. at 39.) This court further
found that Petitioner's recruitment of accomplices, his
provision of locations to further entice individuals into
participating, all supported a finding that the three-level
adjustment pursuant to U.S.S.G. § 3B1.1(b) applied. (Id. at
40-43.)

This court therefore finds, first, with respect to the
aggravating adjustment under U.S.S.G. § 3B1.1(b), that "the
files and records conclusively show that the prisoner is
entitled to no relief, [and] summary dismissal is appropriate."
Raines, 423 F.2d at 529. This court further finds that
Petitioner's "conclusory allegations contained in a § 2255
petition may be disposed of without further investigation by the
[d]istrict [c]ourt." United States v. Dyess, 730 F.3d 354, 359
(4th Cir. 2013) (quotation marks omitted). Petitioner's claim

that counsel was ineffective for failing to object to the three-level adjustment is frivolous and will therefore be dismissed.

**C.** **Counsel's alleged failure to object to the Guideline adjustments for maintaining a premises (U.S.S.G. § 2D1.1(b)(12)) and for involving an individual under the age of 18 (U.S.S.G. § 2D1.1(b)(15)(B)), and failure to properly prepare Petitioner for sentencing**

Petitioner contends counsel was ineffective for failing to object to the maintaining-a-premises adjustment under U.S.S.G. § 2d1.1(b)(12). Petitioner argues that "[t]he Government's own evidence, two videos showing controlled buys taking place at two different locations. [sic] Movant maintained a primary residence and garage and the video showed one buy at Movant's garage. The garage was used for business, and repair of equipment for his business." (Pet'r's Mot. (Doc. 160) at 4.)

U.S.S.G. § 2D1.1(b)(12) (2014) provides: "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." Application Note 17 provides that

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently

> the premises was used by the defendant for lawful
> purposes.

U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.17 (U.S.
Sentencing Comm'n 2014). Petitioner's argument, focusing solely
upon the video presented at the sentencing hearing, ignores
facts which he admitted both in the factual basis and the
presentence report.

In the factual basis, one supplier stated that his
marijuana transactions with Petitioner "took place at Jones,
Sr.'s residence." (Factual Basis (Doc. 72) at 4.) The factual
basis further describes the fact that "[t]he distributions of
cocaine and marijuana described in Counts 27, 28, 30, 31 and 33
of the indictment took place at Jones, Sr.'s residence." (Id. at
4-5.)

The factual basis therefore properly sets forth sufficient
facts to support the enhancement for maintaining a premises
pursuant to U.S.S.G. § 2D1.1(b)(12). Similarly, the facts
contained in the Presentence Report and admitted to by
Petitioner provide nearly incontrovertible support for the
enhancement. (See PSR (Doc. 133) at 8, 11.)

Similarly, with respect to the adjustment for involving an
individual under the age of 18 pursuant to U.S.S.G.
§ 2D1.1(b)(15)(B), Petitioner argues that defense counsel should

have objected to this enhancement. Petitioner states that "[t]he Government offered no evidence to support this enhancement. At all times Troy Lee Porter was 18 years of age or over."[3] (Pet'r's Mot. (Doc. 160) at 4.) Petitioner further argues that "[c]ounsel was ineffective for failing to object to the 'Mens Rea' required to establish a sentencing enhancement for involving a person less than 18 years of age." (Pet'r's Am. Mot. (Doc. 164) at 7.)

U.S.S.G. § 2D1.1(b)(15)(B) (2014) provides:

(15) If . . . the defendant receives an adjustment under § 3B1.1 (Aggravating Role) and the offense involved 1 or more of the following factors:

. . .

        (B) the defendant, knowing that an individual was (i) less than 18 years of age . . . distributed a controlled substance to that individual or involved that individual in the offense;

. . .

Increase by 2 levels.

U.S. Sentencing Guidelines Manual § 2D1.1(15)(B).

---

[3] Petitioner fails to elaborate further upon that statement and gives no indication of his understanding of what "at all times" means. Petitioner pled guilty to Count One, which charges a conspiracy that existed from 2009 to July 9, 2014. Given the long-term nature of this drug conspiracy, this court does not find Petitioner's allegation, standing alone, as providing a reliable fact.

Here again, the factual basis, which Jones admitted, contains the following facts:

> CS-2 advised the agents that he/she began selling marijuana and subsequently cocaine for JONES, SR. at the age of 15. CS-2 stated he was advised by JONES, SR. that he could make more money selling one to two ounces of cocaine than selling 30 pounds of marijuana. CS-2 sold cocaine to kids at a local school, as well as other customers. The cocaine was supplied to CS-2 by JONES, SR. JONES, SR. supplied CS-2 with one-half of an ounce (½) of cocaine every other day for approximately two years. CS-2 was also allowed to rent one of JONES, SR.'s rental properties in Efland, North Carolina for $300 per month.

(Factual Basis (Doc. 72) at 5–6.) The Presentence Report, also admitted to by Petitioner, contained the same information. (PSR (Doc. 133) ¶ 29.) The Presentence Report goes on to recognize the minor as Troy Lee Pore. (Id.)[4]

For three reasons, Petitioner is not entitled to relief under these allegations.

First,

> [a] mere objection to [a] finding in the presentence report is not sufficient. The defendant has an

---

[4] To the extent Petitioner is now raising a contention that he did not know Troy Lee Pore was under the age of 18 during the two years Pore sold controlled substances for Petitioner, his admission to the factual basis and the Presentence Report facts stating Pore was 15 years old when he started selling for Petitioner establishes otherwise. Even if this admission is not somehow sufficient, Pore apparently rented a place to live from Petitioner and, as he states, sold cocaine to kids at a local school; these facts present circumstances which support a finding Petitioner knew Pore was under the age of 18.

affirmative duty to make a showing that the
information in the presentence report is unreliable,
and articulate the reasons why the facts contained
therein are untrue or inaccurate. Without an
affirmative showing the information is inaccurate, the
court is "free to adopt the findings of the
[presentence report] without more specific inquiry or
explanation."

United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990)

(quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir.

1990). Petitioner fails to allege any information that would

have allowed counsel to make an objection sufficient to

demonstrate why the facts contained in the Presentence Report

were not reliable. Petitioner cannot complain about counsel's

failure to object where such an objection would have been

fruitless.

Second, "vague and conclusory allegations contained in a

§ 2255 petition may be disposed of without further investigation

by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359. Petitioner

offers nothing more than vague and conclusory allegations as to

the alleged ineffective assistance rendered by his counsel.

Third, to establish ineffective assistance of counsel,

Petitioner "bears the burden of affirmatively proving

prejudice." Bowie, 512 F.3d at 120. If the petitioner fails to

meet this burden, a "reviewing court need not even consider the

performance prong." Rhynes, 196 F.3d at 232. To establish

prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. _Strickland_, 466 U.S. at 694. Petitioner fails to show that there is any reasonable probability the result of this proceeding would have been different.

Finally, Petitioner contends that counsel failed to properly prepare him for sentencing. Specifically, Petitioner alleges that counsel "failed to advise and prepare [M]ovant for sentencing hearing allocution where Movant could have objected to the categorization in the PSR and could speak more effectively in a way to assist in mitigating his sentence." (Pet'r's Mot. (Doc. 160) at 5.) The record reflects that counsel argued vigorously for Petitioner at sentencing, requesting a downward variance to a seven-year sentence. (Sentencing Tr. (Doc. 170) at 49; see _id._ generally at 45-49.) Petitioner was provided an opportunity to address the court and responded, "I'm good, Your Honor." (_Id._ at 52-53.)

"Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." _Dyess_, 730 F.3d at 359. Petitioner's

allegations that counsel failed to prepare him for sentencing should therefore be dismissed.

III. **<u>CONCLUSION</u>**

Petitioner presents no basis upon which to find he is entitled to relief, as the files and records of the case conclusively show that the prisoner is not entitled to relief. Even assuming some error on the part of counsel, which does not appear from this record, Petitioner has not shown any reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694.

**IT IS HEREBY ORDERED** that Petitioner's Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence, (Docs. 160, 164), are **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time to File Response to Motion to Dismiss, (Doc. 174), is **GRANTED** and that Petitioner's Reply, (Doc. 178), is deemed timely filed as of March 13, 2017.

A judgment dismissing this action will be entered contemporaneously with the Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a

constitutional right affecting the conviction, nor a debatable
procedural ruling, a certificate of appealability is not issued.

This the 24th day of September, 2019.

_____
United States District Judge